JILBERT TAHMAZIAN; SBN: 143574
**LAW OFFICES OF JILBERT TAHMAZIAN**
1518 West Glenoaks Blvd.,
Glendale, CA 91201
Telephone: (818) 242-8201
Facsimile: (818) 242-8246
Email:      jilbert@jilbertlaw.com

Attorney for Plaintiff,
APARTMENT HUNTERS, INC.

FILED
13 SEP 10 AM 12:26
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

APARTMENT HUNTERS, INC., a ) Case No.: CV13- 6582 MRP (Ex)
California Corporation, )
                        )
          Plaintiff,    ) **COMPLAINT FOR**
                        )   1.  **UNFAIR PRACTICES**
                        )   2.  **BREACH OF CONTRACT**
     vs.                )   3.  **FRAUD**
                        )
SOFTLAYER TECHNOLOGIES, a Texas ) **DEMAND FOR JURY TRIAL**
Corporation, and DOES 1-10, )
                        )
          Defendants.   )

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

NOW COMES, APARTMENT HUNTERS, INC. ("Plaintiff"), complaining of SOFTLAYERS TECHNOLOGIES ("Defendant"), and for causes of action respectfully show as follows:

**I.**

**JURISDICTIONAL ALLEGATIONS AND PARTIES**

Plaintiff APARTMENT HUNTERS, INC sues Defendant SOFTLAYER TECHNOLOGIES, a foreign corporation, and alleges as follows:

1.     This case arises out of a written contract action against Defendant for webhosting and backup data services for Plaintiff's business in Los Angeles, County of Los Angeles, State of California.

2.     Venue for this action is proper because the State of California was the site of performance of the contract and services and resulting injuries to Plaintiff.

3.     This is an action for damages in excess of one hundred seventy-five thousand dollars ($175,000.00), exclusive of costs and interest. This Court has jurisdiction pursuant to 28 USC §1332 based on the diversity of citizenship of the parties.

4.     Plaintiff is, and at all relevant times was, a resident of the State of California existing as a California Corporation with its principal place of business in the County of Los Angeles.

5.     Defendant is a Texas corporation with its principle place of business at 4849 Alpha Road, Dallas, Texas 75244.

6.     The true names and capacities, whether individual, corporate, associate, or otherwise of Defendants, DOES 1 through 10, inclusive, are at this time unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein by a fictitious name is in some way negligent or responsible for the events and happenings herein referred to which proximately resulted in those injuries and damage to the Plaintiff as herein alleged.

7.     The Court has jurisdiction over Defendant by virtue of the California Long Arm Statute because Defendant conducted business in

the State of California and provided services to Plaintiff within the State of California.

## II.

## FACTUAL ALLEGATIONS

8. Plaintiff is a prepaid internet rental listing service that utilizes several websites to advertise over 100,000 available rental properties to prospective tenants. Plaintiff charges a monthly fee to customers who utilize its websites. Plaintiff also provides landlords with premier placements of rental listings.

9. On or about July 27, 2009 and December 9, 2009, Plaintiff entered into written contracts with "The Planet" for Northstar Managed Hosting Services and Professional Web Services. Plaintiff was paying $7,000 per month to "The Planet" for Northstar Managed Hosting Services and $4,300 per month for Professional Web Services. On or around December 2010, Defendant SOFTLAYER TECHNOLOGIES acquired "The Planet" for Northstar Managed Hosting Services and assumed all of the former company's obligations, having full knowledge of the preexisting contractual obligations with Apartment Hunters, Inc. Plaintiff continued to pay Defendant the full amount required by the pre-existing contracts; however, Defendant failed to uphold its contractual obligations in rendering adequate managed hosting services. Currently, Plaintiff pays Defendant $6,300 per month for managed hosting services, less than the original $7,000 per month, because in January 2011 Plaintiff moved a dedicated stack to Amazon.com at a monthly cost of $1,850.

10. Prior to the execution of the written contracts between Plaintiff and "The Planet" for Northstar Managed Hosting Services, there were misrepresentations of material facts relating to the managed hosting services. SOFTLAYER TECHNOLOGIES assumed liability for the fraudulent misrepresentations made by "The Planet" for Northstar Managed Hosting Services when it assumed its contractual obligations. Additionally, SOFTLAYER TECHNOLOGIES made its own material representations by statements made in SOFTLAYER TECHNOLOGIES' website. Specifically, SOFTLAYER TECHNOLOGIE's website describes the managed hosting monitoring services by the following:

(1) Monitoring and Escalation: Dedicated engineers provide first line of defense for all alerts; Customized system and application monitoring that can include custom log files; Proactive systems trending with capacity growth recommendations.

(2) Business Continuity: Disk-to-Disk backups for high-performance back and restore functions; Verify data integrity of each backup session on a regular basis; Private backup network with available encryption options; Application specific backup agents for MS SQL, MySQL, Exchange and Sharepoint; Offsite backup and long-term archival back up.

11. Defendant SOFTLAYER TECHONOLGIES' website also advertises its managed hosting services in the following manner:

(1) "To take the burden of regular backups and rapid recovery off your internal team, and off your mind. We tailor a back-up and recovery solution for your business that leverages the best back up and high-availability technologies in the industry with

best practices methodologies-all fully managed by your assigned team of certified engineers." (Citing from www.softlayer.com).

(2) Ongoing Management: complete daily backups, report on backup integrity, and periodically verify restore.

12. Plaintiff also relied on "The Planet" for Northstar Managed Hosting Customer Environment Runbook that stated that "Full Backups" would be conducted daily at 2:00 AM U.S. Central Time and retained for a period of 10 days, which SOFTLAYER TECHNOLOGIES adopted when it took over "The Planet" for Northstar Managed Hosting obligations.

13. After Plaintiff retained its managed hosting services, Plaintiff began experiencing frequent problems. Specifically, Plaintiff encountered the following problems with Defendant's services:

(1) On or around December 2011, Plaintiff began experiencing weekly issues with the MySQL cluster, which arose due to several reasons, including, but not limited to, flaws with the MySQL server version and lack of proper configuration or setup by the Defendant. Defendant scheduled an upgrade to avoid said issues. However, on February 5, 2012, during the upgrade performed by Defendant, the Plaintiff's server, which was under the direct control of Defendant, went offline. As a direct result of the Plaintiff's server going offline, all data was lost. Specifically, email servers crashed, all twelve (12) virtually hosted telephone lines were inoperable, and all customer transactions were lost. Furthermore, all of Plaintiff's websites were inoperable for three (3) days, preventing Plaintiff from

Case 2:13-cv-06582-SVW-E Document 1 Filed 09/09/13 Page 5 of 17 Page ID #:25

making any sales during that time. Plaintiff's entire business depends on the proper functioning of its websites. The Defendant's incompetence resulted in crucial setbacks and harm.

Plaintiff was unable to access any of its administrative functions to conduct new sales. Moreover, the malfunctioning of the website prevented Plaintiff from not only renewing customers' subscriptions or collecting renewals, but also from refunding the customers while the websites were down. Plaintiff lost and was unable to recover over 1,000 customer login and financial information. The Plaintiff lost customers and prospective customers because of its inability to remedy its customers' problems. Furthermore, Plaintiff could not conduct monthly billing, which resulted in a large number of refunds and credit card charge back fees by the credit card processing company, raising a question regarding the company's integrity with credit card processors-see below. Plaintiff eventually had to issue countless customer and landlord refunds, which plagued the company financially.

Additionally, Plaintiff's Visa and MasterCard processor froze Plaintiff's revenue for the first time in twelve (12) years because of Plaintiff's inability to access any of its customer's financial data. This was the first time the Plaintiff suffered such embarrassment and shot to its credibility.

Eventually, Plaintiff was able to restore most of its data to the January 16, 2012 state after Plaintiff paid its own MySQL engineers to recover the lost data from its own private backup

server, a process that took three (3) days. However, even after restoring most of its data, Plaintiff was unable to restore to the February 5, 2012 state. Plaintiff also had to pay additional staff members overtime to recover all user data from software logs to recreate the approximate database scheme for the period between January 16, 2012 and February 5, 2012.

(2) The Plaintiff's website had to be shut down for over four (4) hours due to maintenance in October 2012, which further evidences that the MySQL cluster was flawed. Moreover, the server failed to free up memory space properly. Plaintiff was unable to upgrade the server to alleviate the problem with its memory space, since Defendant's last upgrade attempt resulted in devastating data loss.

(3) On several occasions, the websites being monitored by Defendant had outages and fluctuations that went undetected and unreported by Defendant and had to be pointed out by Plaintiff's own team. On or around January 2010, Defendant installed extra hard disks, eventually ruining Plaintiff's old hard drives. The hard drive failures went undetected by Defendant and it took approximately fifteen (15) hours to rebuild the hard-drive and another three (3) hours to have all the sites functioning properly again. Plaintiff lost all sales for that day and had to issue over fifty (50) full refunds. In 2010 alone, Plaintiff's website went offline on numerous occasions and created outage periods ranging from two (2) to ten (10) hours. Lastly, on March 5, 2012, Plaintiff's Database server went down for approximately

twenty (20) minutes, allegedly for too many connection errors. It took Plaintiff's own engineers about fifteen (15) minutes to understand and resolve the issue. Defendant took no action on its own nor reported the problem to the Plaintiff, which are part of its contractual obligations.

14. Due to going offline for several days beginning on February 5, 2012, Plaintiff's websites lost invaluable priority search engine positions. Prior to the website crashing, Plaintiff appeared as number two (2) or three (3) out of approximately five (5) million on Google search results. However, after a web crawler, a computer program that browses the World Wide Web, was repeatedly directed to Plaintiff's dead website, Plaintiff lost its position on Google, Bing, Yahoo and other internet search engines.

15. Plaintiff relied upon the fraudulent material misrepresentations made by Defendant and its predecessors. These representations were made with reckless disregard for the truth or falsity of the statements with the intent to induce Plaintiff to enter into and maintain a contract. The blatant failure of Defendant to disclose pertinent information regarding the managed hosting services and data backup system also violated the Texas Deceptive Trade Practices Act Section 17.46(b), breach of contract, and fraud.

//
//
//
//
//

## III.

## COUNT ONE

### TEXAS DECEPTIVE TRADE PRACTICES-CONSUMER PROTECTION ACT

16. All factual allegations stated elsewhere in this complaint are incorporated by reference in support of this claim.

17. At all times relevant to this suit, Plaintiff was acting as a consumer as defined in the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"). Texas Business and Commerce Code § 17.45.

18. Defendant, by assuming its predecessors contract, engaged in practices in violation of the DTPA. Defendant and its predecessors made representations to Plaintiff regarding the services that were purchased for managed hosting services that were false, misleading and deceptive, in violation of DTPA Section 17.46. This cause of action is filed pursuant to the provisions of Section 17.46 et seq. of the DTPA on the grounds that the acts and procedures of Defendant as described herein above are prohibited by the Texas Business and Commerce Code, including, but not limited to sections 17.46(b)(5), 17.46(b)(7), 17.46(b)(9), and 17.46(b)(24).

19. Additionally, at the time of the overt acts and practices set forth in this complaint, Defendant had actual awareness that the representations it made, as well as the representations made by its predecessors, were false, deceptive, or unfair.

20. Defendant's conduct described in this complaint was a proximate and legal cause of damages to Plaintiff. Plaintiff has sustained damages in excess of $175,000.00 and in an amount according to proof.

## IV.

## COUNT TWO

## BREACH OF WRITTEN CONTRACT

21. All factual allegations stated elsewhere in this complaint are incorporated by reference in support of this claim.

22. On or about July 27, 2009 Plaintiff and "The Planet" for Northstar Managed Hosting entered into a written contract for managed hosting services and the maintenance of Plaintiff's websites. Thereafter, Defendant SOFTLAYER TECHNOLOGIES assumed said contractual obligations when it acquired "The Planet" for Northstar Managed Hosting and maintained its business relationship with Plaintiff based on the same contract.

23. Defendant breached the agreement by failing to provide all services as promised in the contract and terms of services as aforementioned.

24. As a result of Defendant's breach, Plaintiff has suffered damages of a sum within the jurisdictional limits of this Court, all of which were reasonably foreseeable. Said damages exceed $175,000 and in an amount to be proven at time of trial.

25. Said contract provided for attorney's fees to the prevailing party and Plaintiff has incurred and will continue to incur legal fees and costs in an amount according to proof.

//
//
//
//

V.

## COUNT THREE

## FRAUD

27. All factual allegations stated elsewhere in this Complaint are incorporated by reference in support of this claim.

28. On or about July 2009, Plaintiff, by and through Kevin Shayan, entered into negotiations with Defendant's predecessor, "The Planet" for Northstar Managed Hosting Services. During the course of negotiations and at all times thereafter, Defendant's predecessor as well as Defendant thereafter represented and promised that they were fully qualified, competent, capable, and experienced in webhosting, data backup and preservation. Defendant's predecessor and Defendant thereafter further represented that they had all the necessary equipment, personnel, training, and state of the art products to provide services to Plaintiff.

29. When Defendant's predecessors made these representations, they knew them to be false, yet made the representations to induce Plaintiff to enter into the contract. Thereafter, Defendant continued to make these false misrepresentations to Plaintiff so that it may continue to retain the services of Defendant.

30. Plaintiff was ignorant of the falsity of said representations and promises and could not have reasonably discovered same. In detrimental reliance on Defendant's promises and representations, Plaintiff retained Defendant's predecessors and entered into a contract with them and did thereafter pay monies to Defendant and each of them.

31. That Plaintiff discovered the falsity of the representations on or about December 2011 and continuing thereafter.

32. That as a proximate cause of the fraud, Plaintiff suffered damages in an amount to be proven at time of trial and in a sum in excess of $175,000.

33. That the conduct of Defendant's predecessors and each of them was ratified and approved by Defendant SOFTLAYER TECHNOLOGIES.

34. That the conduct of Defendant and each of them was done maliciously and fraudulently and with the intent to vex, annoy, and harass Plaintiff so as to justify the imposition of punitive and exemplary damages in an amount according to proof.

## VI.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, APARTMENT HUNTERS, INC. respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff for the following:

1. Judgment against Defendants for economic damages in an amount within the jurisdictional limits of the court;

2. By reason of Defendants' conduct, additional damages as allowed by Section 17.50(b)(1) of the Texas Business and Commerce Code;

3. Attorney's fees according to proof;

4. Cost of suit according to proof;

5. Punitive and exemplary damages on the third count according to proof; and

6. Such other and further relief to which Plaintiff may be justly entitled.

PLAINTIFF HEREBY DEMANDS A JURY TRIAL IN THIS MATTER.

Respectfully Submitted:

DATED: September 6, 2013      LAW OFFICES OF JILBERT TAHMAZIAN

BY: _____
Jilbert Tahmazian
Attorney for Plaintiff,
APARTMENT HUNTERS, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge __Mariana R. Pfaelzer__ and the assigned Magistrate Judge is __Charles F. Eick__.

The case number on all documents filed with the Court should read as follows:

**CV13-6582-MRP(Ex)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

The United States District Judge assigned to this case will review all filed discovery motions and thereafter, on a case-by-case or motion-by-motion basis, may refer discovery related motions to the Magistrate Judge for hearing and determination.

Clerk, U. S. District Court

September 9, 2013
Date

By C. Sawyer
Deputy Clerk

---

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

[x] Western Division
312 N. Spring Street, G-8
Los Angeles, CA 90012

[ ] Southern Division
411 West Fourth St., Ste 1053
Santa Ana, CA 92701

[ ] Eastern Division
3470 Twelfth Street, Room 134
Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

---

Name & Address: JILBERT TAHMAZIAN
CAL BAR 143574
1518 W. GLENOAKS BLVD
GLENDALE, CA 91201
818-242-8201

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| APARTMENT HUNTERS, INC. A CALIFORNIA CORPORATION<br><br>PLAINTIFF(S)<br>v.<br><br>SOFTLAYER TECHNOLOGIES, A TEXAS CORPORATION AND DOES 1 – 10<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV13- 6582 MRP (Ex)<br><br>SUMMONS |
|---|---|

TO: DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __JILBERT TAHMAZIAN__, whose address is __1518 W. GLENOAKS BLVD, GLENDALE, CALIFORNIA 91201__. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: 9-9-13

Clerk, U.S. District Court

By: CHRIS SAWYER
Deputy Clerk

(Seal of the Court)

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

CV-01A (10/11)          SUMMONS

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
APARTMENT HUNTERS, INC. A CALIFORNIA CORPORATION

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
SOFTLAYER TECHNOLOGIES, A TEXAS CORPORATION

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
JILBERT TAHMAZIAN, ESQ (CAL BAR 143574)
1518 W. GLENOAKS BOULEVARD, GLENDALE CA 91201
TELEPHONE: (818) 242-8201
FACSIMILE: (818) 242-8246

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1. U.S. Government Plaintiff
- ☐ 2. U.S. Government Defendant
- ☐ 3. Federal Question (U.S. Government Not a Party)
- ☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check "Yes" only if demanded in complaint.)
**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No ☒ **MONEY DEMANDED IN COMPLAINT:** $ 175,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 USC 1332, UNFAIR BUSINESS PRACTICES, BREACH OF CONTRACT AND FRAUD

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☒ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 195 Contract Product Liability | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 196 Franchise | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | **REAL PROPERTY** | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| | ☐ 210 Land Condemnation | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

FOR OFFICE USE ONLY: Case Number: **CV13- 6582**

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

CV-71 (02/13)      CIVIL COVER SHEET      Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☒ NO ☐ YES

If yes, list case number(s): _____

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☒ NO ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES COUNTY | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES COUNTY | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
NOTE: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES COUNTY | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT): _____ DATE: 09/06/2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

CV-71 (02/13)           CIVIL COVER SHEET           Page 2 of 2